IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


TOMMY RADFORD                                                                    PLAINTIFF


      v.                              Civil No. 1:07-cv-01033


PAUL LUCAS, Sheriff,
Ouachita County; JOE
STRICKLAND, Chief Deputy,
Ouachita County Sheriff's
Office; and CAPTAIN DAVID
NORWOOD, Ouachita County
Sheriff's Office                                                                DEFENDANTS



### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Tommy Radford, an inmate of the Ouachita County Jail, brings this pro se civil rights action

pursuant to 42 U.S.C. § 1983.  Radford's complaint was provisionally filed on April 30, 2007,

subject to a later determination of whether he qualified for in forma pauperis (IFP) status and

whether service of process should issue.  Although the undersigned did not direct service of process

on the defendants, they answered the complaint on May 9, 2007 (Doc. 4).

### I.  Discussion

As part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321,

signed into law on April 26, 1996, section1915, which governs proceedings filed IFP, was amended

in an effort to address concerns about, and reduce the number of, frivolous prisoner initiated

lawsuits. 28 U.S.C. § 1915.  Prior to the PLRA's amendments to § 1915, a prisoner who attained IFP

status was exempted from paying court fees.  After the enactment of the PLRA, prisoners granted

IFP status are required to pay the full filing fee although they are allowed to pay it in installments.

28 U.S.C. § 1915(b).

The PLRA also added subsection 1915(g) which limits the ability of a prisoner, who has filed

at least three claims that have been dismissed as frivolous, malicious, or for failure to state a claim,

to obtain IFP status.  Specifically, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner
> has, on three or more prior occasions, while incarcerated or detained in any facility,
> brought an action . . . in a court of the United States that was dismissed on the
> grounds that it is frivolous, malicious, or fails to state a claim upon which relief may
> be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This provision has commonly become known as the "three strikes rule" or the

"three strikes provision" and has withstood constitutional challenges. *See e.g., Higgins v. Carpenter*,

258 F.3d 797 (8th Cir. 2001).

Radford has at least three previous actions that qualify as strikes against him under section

1915(g). *See e.g.,  Radford v. Moka*, 5:00-cv-00187 (E.D. AR--dismissed for failure to state a

claim); *Radford v. Wethers*, 2:01-cv-00229 (E.D. AR–dismissed for failure to state a claim); *Radford

v. Barnes*, 2:01-cv-00230 (E.D. AR–dismissed for failure to state a claim).  He has been denied leave

to proceed IFP on several occasions.  *See e.g., Radford v. Wiley*, 4:06-cv-00819 (E.D. AR–IFP

denied and case dismissed); *Radford v. Evans,* 5:03-cv-00164 (E.D. AR–IFP denied and case

dismissed).

It is clear from his experience in the Eastern District of Arkansas that Radford is aware that

he has more than the three strikes that trigger the bar of § 1915(g), and cannot file this complaint IFP

unless he qualifies for the "imminent danger" exception.  In fact, Radford alleges twice in the

complaint that he is in "imminent danger."

In the complaint, Radford alleges that he was arrested on January 5, 2007, and placed in the Ouachita County Jail on a "fabricated" charge of rape.  On January 8, 2007, Radford alleges he was slapped by Detective Franklin three times in the elevator.  Radford indicates Franklin also told him on January 8th that if he used the inmate grievance procedure he would be physically assaulted.

Radford maintains he is being held in unsanitary conditions without access to drinking water. He indicates the surveillance cameras do not work on the third tier of the jail where he is housed and the mattresses are nasty and infested with bugs.  He indicates the shower area is always cold and there is no water in their cells for brushing their teeth or washing up.  Radford alleges that in the winter time they are given only one blanket and no sheets despite the fact that two windows are broken out.  Radford maintains the trustees run the jail.  He asserts the conditions are unsanitary since their "water coolers" are next to the trash cans.

Further, if the inmates write grievances, Radford maintains Captain Norwood retaliates by making physical and verbal threats.  Radford states the Camden jailers refuse to give the inmates access to legal books and materials.  Radford also contends Deputy Gill took all the ink pens away.

Radford attached to his complaint a detainee grievance form dated February 26, 2007, that he submitted.  In the grievance Radford complains about there being no running water in the cell he is confined in.  He states he has been forced to deprive himself of water to drink.  He asserts that he has suffered from the cold and the shower area is unsanitary.  Radford further alleges that he hurt his back on January 16, 2007, and was denied medical attention.  Finally, he states his skin has broken out.  Radford indicates he is going to file a § 1983 lawsuit.

Radford's grievance was responded to on March 7th.  The response indicates that water is available in all cells.  If Radford wanted to deprive himself of drinking water, he was told that was

his business.  Radford was told the showers were inspected that date for cleanliness and everything was satisfactory and in order.

Radford alleges he is in imminent danger.  We disagree.  The incident of excessive force identified by Radford is alleged to have occurred on January 8, 2007.   Allegations of past danger are insufficient; the harm must be occurring when the complaint is filed.  *See Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998).  The "threat or prison condition [must be] real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002).

With respect to his general  conditions of confinement claims, Radford has only indicated that the conditions are unpleasant.  There is no indication Radford was in imminent danger of serious physical injury at the time the complaint was filed on April 30, 2007.  *See e.g.,  Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)("Frequent filers sometimes allege that they are in imminent danger so they can avoid paying a filing fee.  But when they allege only a past injury that has not recurred, courts deny them leave to proceed IFP")*; Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)("[R]equisite imminent danger must exist at the time the complaint or appeal is filed, not when the alleged wrongdoing occurred.  Moreover, the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmates deserves a remedy for past misconduct").  Moreover, many of the conditions identified by Radford clearly existed at times in the past, including his exposure to cold in the "winter," his being denied medical care following a fall in January, etc.  Therefore, Radford is not eligible for IFP status.

## II.  Conclusion

Accordingly, I recommend that Radford's claims be dismissed without prejudice and his IFP application be denied.  Radford is not eligible to proceed IFP because of the application of 28 U.S.C.

§ 1915(g).   Should Radford wish to proceed with this case, he should be advised to file with the Clerk of Court a motion to re-open and submit the statutory filing fee of $350.00.  Upon receipt of the motion to re-open and full payment of the statutory filing fee, the case will be reopened.

**The parties have ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 30th day of May 2007.

/s/ Barry A. Bryant
BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE